Argued and submitted March 8, affirmed June 29, petition for review denied October 20, 2016 (360 Or 465)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## DANIEL ROBERT JENSEN,
*Defendant-Appellant.*

Yamhill County Circuit Court
CR100079; A157199

379 P3d 792

Jon H. Weiner argued the cause and filed the brief for appellant.

Jamie K. Contreras, Assistant Attorney General, argued the cause for respondent. With her on the brief were Ellen F. Rosenblum, Attorney General, and Paul L. Smith, Deputy Solicitor General.

Before Armstrong, Presiding Judge, and Egan, Judge, and Shorr, Judge.

## SHORR, J.

Defendant appeals the trial court's denial of his motion to set aside his record of conviction under ORS 137.225(1)(a) and (8)(b) (2013)[1] for two counts of third-degree rape. For the reasons set forth below, we conclude that ORS 137.225(6)(b), which requires a person convicted of a second criminal offense to wait 10 years before becoming entitled to expunction, applies to a request for expunction under ORS 137.225(8)(b). Therefore, the trial court did not err when it denied defendant's motion to set aside his convictions, and we affirm.

We begin with a recitation of the applicable law. This appeal involves the relatively complex interplay of at least four different statutory subsections of ORS 137.225, the expunction statute. Not all of those statutory subsections clearly cross-reference each other, even though each has a potential impact on the other. As a result of this complexity, we set out each subsection below to assist in understanding defendant's argument and the opinion. We later set them out again in the context of defendant's argument.

ORS 137.225(1)(a) creates the general rule for expunction for certain criminal convictions listed in subsection 5 and provides, in relevant part:

"At any time after the lapse of three years from the date of pronouncement of judgment, any defendant who has fully complied with and performed the sentence of the court and whose conviction is described in subsection (5) of this section by motion may apply to the court where the conviction was entered for entry of an order setting aside the conviction."

ORS 137.225(5) then lists the categories of convictions eligible for expunction, but excludes sexual crimes. It provides, in relevant part:

"The provisions of subsection (1)(a) of this section apply to a conviction of:

"* * * * *

---

[1] All references to ORS 137.225 are to the 2013 version, which was in effect at the time defendant litigated his motion to set aside his convictions. We note that the statute has been amended several times since then. Or Laws 2015, ch 820, §§ 32, 32a; Or Laws 2015, ch 235, § 1.

"(b)  A Class C felony, except for * * * any sex crime.

"* * * * *

"(d)  A crime punishable as either a felony or a misdemeanor, in the discretion of the court, except for:

"(A)  Any sex crime[.]"

ORS 137.225(6) provides certain exceptions to eligibility for expunction. It states, in relevant part:

"Notwithstanding subsection (5) of this section, the provisions of subsection (1) of this section do not apply to:

"* * * * *

"(b)  A person convicted, within the 10-year period immediately preceding the filing of a motion pursuant to subsection (1) of this section, of any other offense, * * * whether or not the other conviction is for conduct associated with the same criminal episode that caused the arrest or conviction that is sought to be set aside."

ORS 137.225(8) was added by the legislature in 2013, and, despite subsection (5), allows for expunction of certain sexual crimes. It provides, in relevant part:

"Notwithstanding subsection (5) of this section, the provisions of subsection (1)(a) of this section apply to a conviction for:

"* * * * *

"(b)  A sex crime listed in ORS 181.830(1)(a) if:

"(A)  The person has been relieved of the obligation to report as a sex offender pursuant to a court order * * *[.]"

We turn next to the facts before returning to the application of the law above. Defendant started dating the victim when they were in high school. At that time, he was an 18-year-old senior and she was a 14-year-old freshman. They had a sexual relationship and started having intercourse when the victim was either 14 or 15 years old. Eventually, the victim's mother alerted police to the defendant's sexual relationship with the victim and they stopped dating. Defendant was ultimately charged with 12 counts of sexual offenses. Following plea negotiations, defendant pleaded guilty to two counts of third-degree rape. All parties

agreed that the victim's lack of legal consent was solely due to her age. The trial court sentenced defendant to a term of probation and relieved defendant of the obligation to register as a sex offender pursuant to *former* ORS 181.830(1)(a)(A) (2011), *renumbered as* ORS 163A.140 (2015).[2]

On May 6, 2014, more than three years after the entry of judgment, defendant moved to set aside his convictions under ORS 137.225(1)(a) and (8)(b). In determining defendant's eligibility for expunction, the trial court found that defendant had fully complied with and performed his sentence, that he had shown himself to be a person of good moral character, and that, under the circumstances and considering his behavior from the date of conviction to the motion hearing, the facts would warrant setting aside his convictions. However, the trial court ruled that defendant was ineligible for expunction because he did not meet the general requirement under ORS 137.225(6)(b), which provides that a person seeking to set aside a conviction cannot have another conviction in their criminal history within the 10-year period immediately preceding the conviction that the person seeks to set aside, even if both convictions arose from the same criminal episode. The trial court concluded that this exception applied because defendant had pleaded guilty to two counts of third-degree rape based on two separate acts occurring during his relationship with the same victim. Therefore, the trial court denied defendant's motion to set aside his convictions.

On appeal, defendant renews his argument that he is eligible to set aside his convictions under ORS 137.225(8)(b), which, as noted, allows for expunction of certain sexual offenses. He asserts that, although he has two convictions in the past 10 years arising from his former relationship with the victim, expunction is not precluded under ORS 137.225(6), because that subsection solely applies to persons seeking expunction under ORS 137.225(5) and does not apply to his request for expunction under ORS 137.225(8). Defendant bases his argument primarily on the text of ORS

---

[2] *Former* ORS 181.830 (2011) provides for relief from reporting as a sex offender for certain low-level sexual crimes including third-degree rape, ORS 163.355.

137.225(6), which states, "[n]otwithstanding subsection (5) of this section" rather than "[n]otwithstanding subsections (5) *and (8)* of this section." (Emphasis added.) The state counters that the legislature intended for the 10-year waiting period for persons with more than one conviction under ORS 137.225(6)(b) to serve as a general requirement under the statutory expunction scheme and applies to persons seeking expunction under both ORS 137.225(5) and ORS 137.225(8). We agree with the state.

We begin by reviewing the text and context of the relevant statutory provisions and the interplay among them. *State v. Gaines*, 346 Or 160, 166, 206 P3d 1042 (2009). As noted, ORS 137.225(1)(a) provides that,

> "[a]t any time after the lapse of three years from the date of pronouncement of judgment, any defendant who has fully complied with and performed the sentence of the court and whose conviction is described in subsection (5) of this section by motion may apply to the court where the conviction was entered for entry of an order setting aside the conviction."

ORS 137.225(5) defines categories of convictions that are eligible for expunction and specifically excludes "any sex crime." However, ORS 137.225(8)(b) allows for expunction of a sexual crime listed in *former* ORS 181.830(1)(a) (2011) if, among other requirements, "[t]he person has been relieved of the obligation to report as a sex offender pursuant to a court order entered under ORS 181.832 or 181.833."[3] Further, ORS 137.225(6) provides exceptions to eligibility for expunction. As noted above, under ORS 137.225(6)(b), expunction is not permitted for

> "[a] person convicted, within the 10-year period immediately preceding the filing of the motion pursuant to subsection (1) of this section, of any other offense * * * whether or not the other conviction is for conduct associated with the same criminal episode that caused the arrest or conviction that is sought to be set aside."

The text and context of ORS 137.225(8)(b) reveal that the statutory expunction scheme is structured around

---

[3] *Former* ORS 181.832 (2009), *renumbered as* ORS 163A.145 (2015); *former* ORS 181.833 (2012), *renumbered as* ORS 163A.150 (2015).

the relief provided by ORS 137.225(1)(a). The subsequent subsections each refer to and expand upon the criteria for expunction relief provided by that provision. ORS 137.225(5) defines the crimes that are subject to expunction as allowed by ORS 137.225(1)(a). ORS 137.225(6) provides exceptions to the expunction permitted under ORS 137.225(1)(a). Similarly, ORS 137.225(8)(b) states that, "[n]otwithstanding subsection (5) of this section, the provisions of *subsection (1)(a)* of this section apply to a conviction for * * * [a] sex crime listed in ORS 181.830(1)(a)," if certain requirements are met. (Emphasis added.)

Because the relief that defendant is seeking under ORS 137.225(8)(b) is provided for under ORS 137.225(1)(a), and the exceptions outlined in ORS 137.225(6) also expressly apply to expunction as provided under ORS 137.225(1)(a), the exception that a person seeking expunction cannot have a second conviction for a criminal offense in the 10 years preceding a motion to set aside a conviction is a general requirement that any person seeking expunction under ORS 137.225(1)(a) and (8)(b) must meet. Therefore, defendant must meet that general requirement before he is eligible for expunction under ORS 137.225(8)(b).

A review of the legislative history provides additional support for our analysis. *Gaines,* 346 Or at 166. The House Committee on Judiciary held a work session on House Bill (HB) 3327, and discussed possibly amending the ORS 137.225(6)(b) exception to reduce the 10-year criminal history review to five years for juvenile offenders. Audio Recording, House Committee on Judiciary, HB 3327, Apr 15, 2013, at 1:42:38 (comments of Rep Jeff Barker), https://olis.leg.state.or.us (accessed June 20, 2016). Will Lathrup, representing the Oregon District Attorneys Association, provided the following testimony:

"LATHRUP: The short point is that a lot of other crimes could occur before you would have even found out about it because the next victim could be disclosing six, eight, ten years down the line, and by the time those victims disclose, the prior victim will be completely expunged, and we will have no idea that even occurred, and [the defendant] will be treated like a first time offender, and I

don't know that that's the intent or what the committee is looking for.

"THE COMMITTEE:   How could we fix this bill?

"LATHRUP:   I think what it is now is ten years, and it probably should in the interest of being safe, probably should stay at ten years."

Audio Recording, House Committee on Judiciary, HB 3327, Apr 15, 2013, at 1:42:44 (statement of Will Lathrup), https:// olis.leg.state.or.us (accessed June 20, 2016). Following that testimony, the legislature did not make any amendments to ORS 137.225(6)(b) when it passed the amendment to ORS 137.225, codified as subsection (8), which permitted expunction of certain sexual offenses. Thus, the legislative history provides some additional support for the conclusion that the exception in ORS 137.225(6)(b) limiting eligibility for expunction to circumstances where the applicant has no other convictions in the preceding 10 years is intended by the legislature to apply to a person seeking expunction under ORS 137.225(8)(b).

We conclude that a request for expunction under ORS 137.225(8)(b) is subject to the exception provided in ORS 137.225(6)(b) that a person seeking expunction under ORS 137.225(1)(a) cannot have a second conviction in the 10 years immediately preceding the filing of the motion for expunction. Therefore, the trial court did not err when it denied defendant's motion to set aside his third-degree rape convictions under ORS 137.225(1)(a) and (8)(b).

Affirmed.